IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA COLLINS, MARY NARCAVISH, DIANA REED, DIANNE ROSE, TERRI WELCH, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civ. A. No. 14-17 |
| v. | ) ) ) | |
| KINDRED HOSPITALS EAST, LLC, ALSO KNOWN AS KINDRED HOSPITAL HERITAGE VALLEY, A DELAWARE CORPORATION | ) ) ) ) ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

Conti, Chief District Judge.

Now pending is PLAINTIFFS' MOTION FOR REVIEW OF TAXATION OF COSTS (ECF No. 54) filed by plaintiffs Donna Collins, Mary Narcavish, Diana Reed, Dianne Rose, and Terri Welch ("plaintiffs"). Defendant Kindred Hospitals East, LLC, also known as Kindred Hospital Heritage Valley ("defendant" or "Kindred") filed a response in opposition (ECF No. 55) and the motion is ripe for decision.

<u>Factual and Procedural Background</u>

This employment discrimination case was filed by five former Kindred employees. On August 12, 2016, the court granted Kindred's motion for summary judgment in full and entered judgment in favor of Kindred and against plaintiffs on all claims. Thus, Kindred is a prevailing party.

Kindred submitted a bill of costs pursuant to Federal Rule of Civil Procedure 54(d) and local rule 54(B), seeking taxable costs in the amount of $3,533.40 (ECF No. 50). Plaintiffs

objected that the costs were improper and unreasonable (ECF No. 52). On January 3, 2017, the clerk of court taxed costs against plaintiffs in the amount of $3,266.00 (ECF No. 53). Specifically, the clerk disallowed claimed costs for exhibit scanning, OCR-PDF and "production and archiving" relating to the depositions of each plaintiff and Janie Slampak, Kindred's corporate designee. The clerk also disallowed claimed "attorney attendance fees" at conferences. The clerk allowed the remaining costs sought by Kindred. The instant motion followed.

Legal Analysis

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1); *see also* LCvR 54(B). The rule, as stated, is mandatory, and creates a "strong presumption" that all costs authorized for payment will be awarded to the prevailing party. *Reger v. Nemours Found. Inc.*, 599 F.3d 285, 288 (3d Cir. 2010) (*citing In re Paoli R.R. Yard PCB Lit.*, 21 F.3d 449, 461 (3d Cir.2000)). "The losing party, therefore, bears the burden of showing why costs should not be taxed against it." *Adams v. Teamsters Local 115*, 678 F.Supp.2d 314, 324 (E.D. Pa. 2007). The district court, however, retains discretionary authority to refuse to tax costs in favor of the prevailing party. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). The court must give "careful scrutiny" to all items proposed as costs.

The costs eligible for recoupment under Rule 54(d)(1) are specifically listed in 28 U.S.C. § 1920, and include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies; (5) docket fees under 28 U.S.C. § 1932; and (6)

compensation for court appointed experts and for interpreters. *In re Paoli*, 221 F.3d at 457 (*citing Smith v. Se. Pa. Transp. Auth.*, 47 F.3d 97, 99 n. 1 (3d Cir. 1995)). A prevailing party may also recover attorney attendance fees, as itemized in 28 U.S.C. § 1923.

The taxation of costs by the clerk of court is subject to de novo review by the district court. *Reger*, 599 F.3d at 288. A district court may consider the following factors in reviewing a clerk of court's taxation of costs: "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them." *In re Paoli*, 221 F.3d at 468. A district court may <u>not</u> consider "(1) the losing parties' good faith in pursuing the instant litigation (although a finding of bad faith on their part would be a reason not to reduce costs); (2) the complexity or closeness of the issues-in and of themselves-in the underlying litigation; or (3) the relative disparities in wealth between the parties." *Id.*; *see generally Hogan v. Raymond Corp.*, No. CIV.A. 10-846, 2014 WL 292170, at *1 (W.D. Pa. Jan. 27, 2014).

Plaintiffs assert the following specific objections to the costs claimed by Kindred: (1) the "per page" cost of the deposition transcripts taken by Kindred were excessive compared to the cost of the deposition taken by plaintiffs ($3.25/page vs. $2.41/page); (2) Kindred's copy of the Slampak deposition should be reimbursed at $0.90 per page, the rate set by the Judicial Conference; (3) "production and archiving" and "shipping and handling" fees for each deposition should be disallowed; (4) the invoices do not distinguish the cost of the "original and one copy"; and (5) the attorney attendance fees should be stricken because the conferences were by phone. In addition, plaintiffs contend that costs should be stricken or substantially reduced based on their inability to pay. Kindred contends that the costs taxed by the clerk are reasonable and

appropriate. Kindred does not challenge the costs disallowed by the clerk. The court will address plaintiffs' objections seriatim.

The "per page" cost of the deposition transcripts is reasonable. Plaintiffs did not challenge the authenticity of the invoices or show that the rates charged are excessive in the relevant market. Each deposition was reasonably necessary for the case.

This court has not adopted the Judicial Conference rate of $0.90 per page for copies. The Judicial Conference rate applies to the official court reporters employed by the court and is not necessarily appropriate for private court reporters. Plaintiffs did not challenge the authenticity of the invoice submitted to Kindred by the court reporter plaintiffs selected to transcribe the Slampak deposition. In *Montanez v. Simon*, 755 F.3d 547, 558 (7th Cir. 2014) (cited by plaintiffs), the court noted that "whoever picked the reporter can't later object to that reporter's rates."

The clerk of court already disallowed the $40 per deposition charge for "production and archiving." Kindred did not challenge this disallowance. The $50 "shipping and handling" fee associated with the depositions of all five plaintiffs will be disallowed. *See In re Aspartame Antitrust Litig.*, 817 F. Supp. 2d 608, 617 (E.D. Pa. 2011) ("A party may not recover the shipping and handling costs associated with depositions.") (*citing Neena S. v. Sch. Dist.*, No. 05–5404, 2009 WL 2245066, at *10–11, (E.D.Pa. July 27, 2009; *In re Penn Cent. Transp. Co.*, 630 F.2d 183, 191 (3d Cir.1980)); *Wesley v. Dombrowski*, No. 05–5404, 2008 U.S. Dist. LEXIS 49544, at *10–11 (E.D.Pa. June 25, 2008) (refusing to grant costs for shipping and handling). Accordingly, the taxed costs will be reduced by $250.00.

The invoices for plaintiffs' depositions contain a line item for "Deposition Transcript – Original and one copy." Plaintiffs object that there is no way to allocate the unit price of $3.25

4

per page between the original and the copy.  Kindred did not respond to this objection.  Plaintiffs argue that the entire cost should be disallowed as improperly itemized, *citing Montanez*, 755 F.3d at 558.   In *Montanez*, the district court revised the taxable cost downward to an appropriate "per page" rate and only disallowed costs entirely only when the length of the document was unknown. *See id*.   The Local Rules of this court do not directly address taxation of deposition transcripts, but costs for both the original and one copy are taxable in our sister districts.  Local Rule 54.1(b)(3) of the Delaware district court unambiguously states:  "The reporter's reasonable charge for the original **and** one copy of a deposition . . . are taxable." (Emphasis added).  Local Rule 54.4(3) of the middle district of Pennsylvania provides:  "The reporter's charge for the original deposition **and/or** a copy is taxable."  (Emphasis added).  In the absence of any contrary authority from this circuit, the court concludes that Kindred's costs for "the original and one copy" are properly taxable.

The "attorney attendance fees" for appearances at telephone conferences were stricken by the clerk of court.  The only costs the clerk allowed pursuant to 28 U.S.C. § 1923(a) were "$2.50 for each deposition admitted in evidence." These costs are explicitly authorized in the statute.

The court declines to strike or substantially reduce costs based on plaintiffs' claimed inability to pay.  Plaintiffs admit that they are not indigent.[1]  (ECF No. 54 at 4).  As noted above, this court is prohibited from considering the relative disparities in wealth between the parties.  Plaintiffs did not overcome the presumption that costs "will be awarded in full measure."  *In re Paoli*, 221 F.3d at 468.

Finally, the court declines to apportion the cost award among plaintiffs.  It should be

---

[1] Plaintiffs failed to introduce any evidence with respect to the financial condition of Collins or Reed.  The financial information about Rose was from 2012 and 2013. The information regarding Narcavish reflects that she had income of $14,000 in 2014.  The information regarding Welch from 2015 reflects that she received $3340 per month in income.

5

noted that if the costs are apportioned, each plaintiff would pay $603.20. Plaintiffs are free to apportion costs among themselves. Without additional evidence concerning the inability of a particular plaintiff to pay the full amount, costs will be jointly and severally imposed. *Id*. at 469 (court has discretion to apportion costs, but default rule is joint and several liability). Plaintiffs provided no reason or methodology to make a principled allocation of costs.

Conclusion

For the reasons set forth above, the court will disallow the $50 "shipping and handling" fees for each plaintiff's deposition. The costs taxed by the clerk of court will be reduced by a total of $250.00, from $3,266.00 to $3,016.00. In all other respects, plaintiffs' motion for review of taxation of costs (ECF No. 54) will be DENIED.

An appropriate order will be entered.

February 15, 2017.

                                                                               By the Court,

                                                                               /s/ Joy Flowers Conti
                                                                               Joy Flowers Conti
                                                                               Chief United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA COLLINS, MARY NARCAVISH, DIANA REED, DIANNE ROSE, TERRI WELCH, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civ. A. No. 14-17 |
| v. | ) ) ) | |
| KINDRED HOSPITALS EAST, LLC, ALSO KNOWN AS KINDRED HOSPITAL HERITAGE VALLEY, A DELAWARE CORPORATION | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

AND NOW, this 15th day of February, 2017, upon consideration of plaintiffs' motion for review of taxation of costs (ECF No. 54), IT IS HEREBY ORDERED that for the reasons set forth in the accompanying memorandum opinion, the motion will be GRANTED IN PART and the court will disallow the "shipping and handling" fee for each plaintiff's deposition. In all other respects, the motion will be DENIED. Costs are taxed in the total amount of $3,016.00 in favor of defendant Kindred Hospitals East, LLC, and jointly and severally against plaintiffs Donna Collins, Mary Narcavish, Diana Reed, Dianne Rose, and Terri Welch.

By the Court,

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge